UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRUCE ROBERT MICHAEL,<br>    Plaintiff,<br>v.<br><br>NAZIM KAPIPA, *Individually and Doing Business as "Baker Motel-Hotel"*,<br>PHIL TAYLOR,<br>CITY OF COLUMBUS, TEXAS,<br>CITY OF HOUSTON,<br>CELLAR DOOR PRODUCTIONS, INC.,<br>CELLAR DOOR PRODUCTIONS OF VIRGINIA, INC.,<br>CONCERT PRODUCTIONS INTERNATIONAL, *Successor in Interest to Live Nation*,<br>SFX FAMILY ENTERTAINMENT, INC., and CLEAR CHANNEL COMMUNICATION OF TEXAS,<br>    Defendants. | CIVIL ACTION NO. H-07-02912 |

## MEMORANDUM AND ORDER

Before the Court are three Motions to Dismiss, filed respectively by Defendants Phil Taylor and the City of Columbus (Doc. No. 5), Defendant City of Houston (Doc. No. 7), and Defendants Cellar Door Productions of Virginia, Inc., Concert Productions International, SFX Family Entertainment, Inc., and Clear Channel Communications of Texas (Doc. No. 9). Each motion asks the Court to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim.

I.    BACKGROUND

This action seeks damages for alleged violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983. It also asserts various state law claims, including defamation and negligence.

The relevant facts, as alleged and viewed in the light most favorable to Plaintiff, are these. On December 1, 2005, Plaintiff and his wife, who is not a party to this lawsuit, attended a Rolling Stones concert at the Toyota Center in Houston. Defendants Cellar Door Productions of Virginia, Inc., Concert Productions International, SFX Family Entertainment, Inc., and Clear Channel Communications of Texas were all involved in promoting and producing the concert. Around 9:00 p.m., and shortly after arriving at the Toyota Center, Plaintiff and his wife were each handcuffed and detained for the entirety of the concert by a Houston police officer and Toyota Center security staff. Plaintiff was eventually transferred to a municipal detention facility, where he was informed that he had been arrested pursuant to an arrest warrant for the unauthorized use of a motor vehicle in Colorado County, Texas. At approximately 3:00 a.m. the same evening, Plaintiff appeared before a judge, and after being transferred between cells and detention facilities more than twenty times that night, he was released on a bond the next day.

On Thursday, December 15, 2005, Plaintiff discussed his arrest with Colorado County Attorney Ken Sparks and expressed his belief that he is innocent. Later the same day, Plaintiff received a telephone call from the Columbus Police Department requesting a picture of Plaintiff that could be used for identification purposes. The next day, Attorney Sparks called Plaintiff to inform him that witnesses in the case had confirmed Plaintiff's innocence and that the charges would be dropped.

Plaintiff subsequently learned, through discussions with a City of Columbus police officer, the circumstances that had led to his mistaken arrest. Apparently, an employee of Defendant Kapipa's motel, had stolen Defendant Kapipa's vehicle in 2003. Defendant Kapipa gave the investigating officer, Defendant Taylor, then a member of Defendant City of Columbus' police department, the name "Michael Allen Bruce" as the

name of the perpetrator, but did not give Defendant Taylor any other identifying information. Defendant Taylor then used something called "Sound X" to match the name "Michael Allen Bruce" to Plaintiff Bruce Robert Michael's driver's license record. Plaintiff does not allege with specificity what "Sound X" is, but from the context of his complaint, it is presumably a computer program that matches names that have been misreported due to misspelling, mispronunciation, or alias, to actual names in government driver's license records. Defendant Taylor then ran a criminal record search on Plaintiff's name but did not find any information. On the basis of his "Sound X" results, he connected the crime to Plaintiff for purposes of the arrest warrant. Plaintiff makes no allegation as to when during this process the warrant was requested or issued. As a result of Defendant Taylor's actions in issuing the arrest warrant, the Plaintiff was eventually arrested at the Toyota Center in December, 2005.

At some point subsequent to Plaintiff's arrest, the City of Columbus Police discovered a driver's license number for "Michael Allen Bruce" in the notebook of an officer whose tenure on the City of Columbus police force predated Defendant Taylor's investigation. Plaintiff does not allege whether that officer was actually involved in Defendant Taylor's investigation, or whether the driver's license number was obtained as part of that investigation. Using the new information, the City of Columbus police were able to confirm with witnesses that the perpetrator of the vehicle theft was indeed Michael Allen Bruce, and not Plaintiff.

Plaintiff now brings suit for damages arising out of these events in his twelve-count complaint. In three separate motions, all Defendants except Nazim Kapipa and Cellar Door Productions, Inc. have requested that the Court dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(6).

## II. LEGAL STANDARDS

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A district court will dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). In cases raising the issue of immunity, "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

## III. THE MOTIONS TO DISMISS

### A. Defendants Phil Taylor and the City of Columbus

The Motion to Dismiss of Defendants Phil Taylor and the City of Columbus (Doc. No. 5) presents four arguments for dismissal. First, the motion argues that Plaintiff fails to allege facts showing unconstitutional conduct. Second, it argues that Plaintiff has failed to allege facts sufficient to attach liability to the City of Columbus under 42 U.S.C. § 1983. Specifically, the motion argues that Plaintiff has not alleged facts showing an unconstitutional policy or custom, the culpability of a policymaker, or deliberate indifference by the City of Columbus, nor has he alleged that the wrongful conduct was anything other than an isolated incident, nor has he alleged that a city policy was the moving force for causing any constitutional violation. Third, the motion argues that, even if there was a constitutional violation, Defendant Taylor is entitled to qualified

4

immunity because the law was not clear at the time and Defendant Taylor acted reasonably in exercising his discretion. Fourth, the motion argues that Plaintiff's state law claims against Defendants Taylor and the City of Columbus fail as a matter of law.[1]

The Court agrees that Plaintiff's complaint fails to allege facts showing unconstitutional conduct. As alleged, Plaintiff's complaint shows, at most, negligence on behalf of Defendant Taylor in connecting the crime of "Michael Allen Bruce" to Plaintiff "Bruce Robert Michael." The Fifth Circuit has held that a mistaken identification of an individual in issuing an arrest warrant, without more, can be negligent but generally does not rise to the level of constitutional deprivation. *See, e.g., Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (no constitutional violation where police investigator misidentifies defendant as person from whom he purchased crack cocaine); *Herrera v. Millsap*, 862 F.2d 1157 (5th Cir. 1989) (no constitutional deprivation where police officer mistake led to the improper submission of the name Gerardo Herrera to a grand jury rather that Gerald Herrera). The law has long been settled that allegations of negligent violations of the duty of care cannot sustain an action under 42 U.S.C. § 1983. *Baker v. McCollan*, 443 U.S. 137, 146 (1979); *Griffith v. Johnston*, 899 F.2d 1427, 1436 (5th Cir. 1990); *Rankin v. City of Wichita Falls, Texas*, 762 F.2d 444, 448 (5th Cir. 1985).

As written, however, Plaintiff's complaint clearly omits material facts that could lead to a different finding. Specifically, Plaintiff's factual allegations regarding the "Sound X" system and the chronology of events surrounding the warrant are exceedingly sparse, and leave open the possibility that, if his complaint were plead with more detail, Plaintiff could state a claim for constitutional deprivations. More specific factual

---

[1] Plaintiff has conceded that the Court should dismiss the state law claims against Defendants City of Columbus and Officer Taylor. (Pl.'s Resp., Doc. No. 23, at 34.)

allegations could also, potentially, show a policy or custom sufficient to subject the City of Columbus to liability, or show that Defendant Taylor's actions were so unreasonable that he should not be shielded by qualified immunity. The Court is mindful of the Fifth Circuit's guidance that, in cases raising the issue of immunity, "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Accordingly, the Court concludes that Plaintiff should have the opportunity to amend his complaint as to Defendants Taylor and the City of Columbus to comport more clearly with the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6).

### B. Defendant City of Houston

Defendant City of Houston's Motion to Dismiss (Doc. No. 7) argues that Plaintiff's complaint fails to establish a basis for its liability, arguing that the complaint fails to show a policy or custom that inflicted Plaintiff's injury as required by *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).[2] It is true that Plaintiff's complaint lacks sufficient factual allegations to meet the *Monell* standard, particularly since Plaintiff appears to have been arrested pursuant to a facially valid warrant. Nonetheless, because the Court today directs Plaintiff to amend his complaint to clarify his factual allegations regarding two other defendants, the Court declines to dismiss Defendant City of Houston from the suit, and instead will allow Plaintiff another opportunity to make allegations that would support a finding of liability against the City of Houston. Perhaps, upon further reflection, Plaintiff will voluntarily dismiss the City of Houston from the suit; in any event, if Plaintiff's amended complaint contains similar

---

[2] Plaintiff has conceded that the Court should dismiss the state law claims against Defendant City of Houston. (Pl.'s Resp., Doc. No. 23, at 34.)

deficiencies as to Defendant City of Houston's liability for the alleged constitutional violations in this case, the City of Houston may resubmit its motion to dismiss.

### C. Defendants Cellar Door Productions of Virginia, Inc., Concert Productions International, SFX Family Entertainment, Inc., and Clear Channel Communications of Texas

The Motion to Dismiss of Defendants Cellar Door Productions of Virginia, Inc., Concert Productions International, SFX Family Entertainment, Inc., and Clear Channel Communications of Texas (Doc. No. 9) requests the Court to dismiss all claims against them. Their motion, however, provides no reason to do so other than outright denials of Plaintiff's allegations. With the exception of one case to establish the standard of review, the motion cites no authorities. Outright denials of allegations alone are not sufficient to support a motion to dismiss. *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) ("To prevail on a motion to dismiss an ordinary claim under Fed.R.Civ.P. 12(b)(6), a defendant must show that 'the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).").

## III. CONCLUSION

For the aforementioned reasons, the Motion to Dismiss of Defendants Phil Taylor and the City of Columbus (Doc. No. 5) is **GRANTED IN PART** insofar as Plaintiff's state law claims against these defendants are **DISMISSED**, and **DENIED** in all other respects. The Motion to Dismiss of Defendant City of Houston (Doc. No. 7) is also **GRANTED IN PART** insofar as Plaintiff's state law claims against this defendant are **DISMISSED**, and **DENIED** in all other respects. The Motion to Dismiss of Defendants Cellar Door Productions of Virginia, Inc., Concert Productions International, SFX Family

Entertainment, Inc., and Clear Channel Communications of Texas (Doc. No. 9) is **DENIED**. Plaintiff Bruce Robert Michael is hereby **ORDERED** to file an amended complaint no later than twenty (20) days from the date of this order.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 7TH day of February, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.