UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRUCE ROBERT MICHAEL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-02912 |
| NAZIM KAPIPA, *Individually and Doing Business as "Baker Motel-Hotel"*, PHIL TAYLOR, CITY OF COLUMBUS, TEXAS, CITY OF HOUSTON, CELLAR DOOR PRODUCTIONS, INC., CELLAR DOOR PRODUCTIONS OF VIRGINIA, INC., CONCERT PRODUCTIONS INTERNATIONAL, *Successor in Interest to Live Nation*, SFX FAMILY ENTERTAINMENT, INC., and CLEAR CHANNEL COMMUNICATION OF TEXAS, | § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The following Motions are currently pending before the Court: two Motions to Dismiss, filed respectively by Defendants Phil Taylor and the City of Columbus (Doc. No. 43), and by Defendant City of Houston (Doc. No. 56); a Motion for Summary Judgment (Doc. No. 50) filed by Defendants Cellar Door Productions of Virginia, Inc., Concert Productions International, SFX Family Entertainment, Inc., and Clear Channel Communications of Texas; Plaintiff's Motion to Abate (Doc. No. 52); Plaintiff's Motion to Amend (Doc. No. 62); and Plaintiff's Supplemental Motion to Amend (Doc. No. 64). Having carefully considered the Motions, the responses and replies thereto, the oral arguments offered at a hearing on June 16, 2008, and all applicable law,

the Court finds that the Motions to Dismiss should be granted, and, because the parties are not diverse and no federal question remains, the remaining state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c).

## I. BACKGROUND

The Court's prior Order of February 27, 2008 (Doc. No. 38) detailed the basic factual allegations underlying this lawsuit, and will not be repeated in full here. As explained in that Order, Plaintiff alleges that, in 2005, he was mistakenly arrested and detained pursuant to an arrest warrant while attending a Rolling Stones concert at the Toyota Center in Houston. According to Plaintiff, the arrest and detention violated his constitutional rights under 42 U.S.C. § 1983 because the warrant was issued without probable cause: Plaintiff alleges that Defendant Phil Taylor ("Taylor"), who was an officer for the City of Columbus Police Department at the time, procured a warrant for Plaintiff Bruce Robert Michael based on a complaint identifying "Michael Allen Bruce" as the perpetrator of a crime. Defendant Taylor made this mistake, Plaintiff alleges, because he used a computer program called "Sound X" to find names similar to "Michael Allen Bruce" in various police databases, and that program matched the reported name to Plaintiff's.

The Court's prior Order reviewed Plaintiff's live pleading at the time and determined that, although "Plaintiff's complaint fails to allege facts showing unconstitutional conduct" because it lacked allegations of intentionality necessary to find a constitutional violation,

> Plaintiff's complaint clearly omits material facts that could lead to a different finding. Specifically, Plaintiff's factual allegations regarding the 'Sound X' system and the chronology of events surrounding the warrant are exceedingly sparse, and leave open the possibility that, if his complaint were plead with more detail, Plaintiff could state a claim for constitutional deprivations. More

2

> specific factual allegations could also, potentially, show a policy or custom sufficient to subject the City of Columbus to liability, or show that Defendant Taylor's actions were so unreasonable that he should not be shielded by qualified immunity.

(Doc. No. 38, at 5-6.) The prior Order also invited Plaintiff to recast his allegations against the City of Houston, which at the time the Court characterized as lacking "sufficient factual allegations to meet the *Monell* [*v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978),] standard [for showing a policy or custom that inflicted Plaintiff's injury], particularly since Plaintiff appears to have been arrested pursuant to a facially valid warrant." (Doc. No. 38, at 6.)

Plaintiff subsequently filed his Amended Complaint (Doc. No. 41), which is now the live pleading, and the Motions listed above followed.[1]

## II. THE MOTIONS TO DISMISS

### A. Legal Standards

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

---

[1] Defendant "Nazim Kapipa," whose real name is Mohammednazim M. Kapadia, was dismissed with prejudice at a hearing held on June 16, 2008, for the reasons stated on the record.

B.   **Defendants Phil Taylor and the City of Columbus**

Plaintiff's Amended Complaint alleges that Defendants Taylor and the City of Columbus violated Plaintiff's federal and state civil rights and are therefore liable for damages under 42 U.S.C. § 1983. (Am. Compl., Doc. No. 41, at ¶¶ 95-117.)[2]

"Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Therefore, to state a claim under § 1983, Plaintiff must show that the conduct of Defendants Taylor or City of Columbus was not just negligent, but unconstitutional: the law has long been settled that allegations of negligent violations of the duty of care cannot sustain an action under 42 U.S.C. § 1983. *Id.*; *Griffith v. Johnston*, 899 F.2d 1427, 1436 (5th Cir. 1990); *Rankin v. City of Wichita Falls, Texas*, 762 F.2d 444, 448 (5th Cir. 1985).

Like Plaintiff's Original Complaint, his Amended Complaint fails to allege facts showing unconstitutional conduct. The Fifth Circuit has held that a mistaken identification of an individual in issuing an arrest warrant, without more, can be negligent but generally does not rise to the level of constitutional deprivation. *See, e.g., Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (no constitutional violation where police investigator misidentifies defendant as person from whom he purchased crack cocaine); *Herrera v. Millsap*, 862 F.2d 1157 (5th Cir. 1989) (no constitutional deprivation where police officer mistake led to the improper submission of the name Gerardo Herrera to a grand jury rather than Gerald Herrera). The

---

[2] The Amended Complaint alleges that Defendant City of Columbus (Am. Compl, Doc. No. 41, at ¶¶ 114-17) and Defendant City of Houston (Am. Compl, Doc. No. 41, at ¶¶ 126-29) are liable to Plaintiff for negligent hiring, training, and retention of employees. The pleadings are unclear as to what the legal basis is for these claims, but to the extent these claims are intended to be made under Texas state law, they are improper. The Court's prior Order dismissed all state law claims against Defendants City of Columbus, Taylor, and City of Houston. (Doc. No. 38, at 7.) The Court notes that Plaintiff has acknowledged the Court's prior Order in his Response, stating, "Plaintiff agrees that the Court has already dismissed the case law claims against [the City of Columbus and Taylor]. . . . Plaintiff's counsel apologizes for any confusion [the Amended Complaint] caused to this Court or to the litigants." (Pl.'s Resp., Doc. No. 49, at ¶ 47.)

4

Original Complaint showed, at most, negligence on behalf of Defendant Taylor in connecting the crime of "Michael Allen Bruce" to Plaintiff "Bruce Robert Michael," and therefore could not support a § 1983 claim. Plaintiff's Amended Complaint does little to strengthen this aspect of Plaintiff's claims against Taylor and the City of Columbus. The Amended Complaint still complains of Taylor's "mistaken identity of Plaintiff" (Am. Compl., Doc. No. 41, at ¶¶ 99, 108-09), which, even on its face, is a far cry from an allegation of intentional misconduct. Similarly, Plaintiff's allegations that Defendant Taylor failed to review Plaintiff's criminal history and exhaust all possible searches in the driver's license databases available to him (*see* Am. Compl., Doc. No. 41, at ¶¶ 58, 76) are allegations of negligent police work, not intentional conduct rising to a constitutional level. Simply put, even after amendment, Plaintiff has failed to allege facts showing that Defendant Taylor acted deliberately or with reckless disregard for federally protected rights in procuring an arrest warrant against Plaintiff, and without such allegations, Plaintiff has failed to state a claim of constitutional deprivation and may not recover under § 1983.[3]

The failure to allege a constitutional deprivation alone disposes of Plaintiff's claims against Defendants Taylor and the City of Columbus. *City of Los Angeles v. Heller*, 475 U.S. 797, 799 (1986); *McKee v. City of Rockwall*, 877 F.2d 409, 414 (5th Cir. 1989), *cert. denied*, 493 U.S. 1023 (1990). But even if there were a constitutional deprivation, Plaintiff's Amended Complaint contains other defects as to Defendant City of Columbus. Specifically, Plaintiff fails to make factual allegations as to the involvement of a municipal policymaker or any affirmative municipal action, as required for municipal liability under § 1983. *Piotrowski v. City of*

---

[3] The Court notes that, under direct questioning from the Court at a hearing on June 16, 2008, Plaintiff's counsel was unable to identify any basis at all for thinking that Defendant Taylor's conduct was intentional. This exchange is consistent with the Court's finding that Plaintiff's factual allegations, even when assumed to be true, do not raise his right to relief above the speculative level. *Cuvillier*, 503 F.3d at 401.

*Houston*, 237 F.3d 567, 578 & n.16 (5th Cir. 2001); *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998). The closest Plaintiff comes is to allege that the City of Columbus was on notice that its screening, hiring, and training programs would not prevent the issuance of warrants not supported by probable cause (Am. Compl., Doc. No. 41, ¶ 71), and that it "knew or should have known that Lieutenant Taylor . . . did not have the qualifications to understand what constituted constitutional probable cause of [sic] the issuance of . . . warrants" (Am. Compl., Doc. No. 41, ¶ 73). These allegations, however, do not include facts showing that Defendant City of Columbus was involved in creating or executing a screening, hiring, or training program that resulted in Defendant's Taylor's allegedly unconstitutional conduct. Moreover, although the Amended Complaint includes conclusory allegations that Defendant City of Columbus acted with deliberate indifference (Am. Compl., Doc. No. 41, ¶¶ 70, 72), it does not allege facts to support this allegation. Nowhere in the Amended Complaint can factual allegations be found showing that the City's indifference to or unawareness of the risk that Defendant Taylor would violate constitutional rights was intentional or deliberate, as required for municipal liability under § 1983. *City of Canton v. Harris,* 489 U.S. 378, 389-90 (1989); *see Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 757 (5th Cir. 1993) ("[P]roof of an inadequate policy, without more, is insufficient to meet the threshold requirements of § 1983."). In addition, the Amended Complaint utterly fails to allege facts showing that there is a custom or policy employed by Defendant City of Columbus that is "persistent," "often repeated," or "constant" as is generally required for municipal liability under § 1983. *Bennett v. City of Slidell*, 728 F.2d 762, 768 & n.3 (5th Cir. 1984). Finally, although the Amended Complaint makes the conclusory allegation that Defendant City of Columbus' policies or customs were the "moving force" behind the alleged constitutional deprivation (Am. Compl., Doc. No. 41, ¶ 74), it fails to allege facts supporting this

claim. Given these many defects, Plaintiff's Amended Complaint cannot be understood to include factual allegations as to Defendants Taylor and the City of Columbus that, when assumed to be true, raise Plaintiff's right to relief under § 1983 above the speculative level. *Cuvillier*, 503 F.3d at 401. The Amended Complaint therefore fails to state a claim against Defendants Taylor and the City of Columbus.

  **C.** **Defendant City of Houston**

Plaintiff's Amended Complaint further alleges that Defendant City of Houston also violated Plaintiff's federal and state civil rights and are therefore liable for damages under § 1983. (Am. Compl., Doc. No. 41, ¶¶ 118-29.) Specifically, Plaintiff alleges that Defendant City of Houston had the following customs or policies: promoting the sale and consumption of alcohol at events such as the concert Plaintiff attended (Am. Compl., Doc. No. 41, ¶¶ 24-25); delegating to inadequately trained security officers the responsibility for determining whether probable cause exists for an arrest due to public intoxication (Am. Compl., Doc. No. 41, ¶¶ 35-36); and not administering field sobriety tests to all people arrested for public intoxication (Am. Compl., Doc. No. 41, ¶¶ 39-40).

These allegations fail to state a claim for municipal liability under § 1983 for many of the same reasons as the allegations against Defendant City of Columbus. First, the allegations that Defendant City of Houston acted with deliberate indifference (Am. Compl., Doc. No. 41, ¶¶ 41, 46) is entirely conclusory and fails to allege facts substantiating that claim. Even if it is true that the City adopted the customs or policies alleged, and even if those customs or policies were inadequate to protect Plaintiff's constitutional right to be free of arrest without probable cause, there is no allegation that the customs or policies were adopted by Defendant City of Houston intentionally or deliberately as required for municipal liability under § 1983, *City of Canton*, 489

7

U.S. at 389-90; *see also Gonzalez*, 996 F.2d at 757. The Amended Complaint also fails to allege facts showing that the alleged customs or policies of the City of Houston are "persistent," "often repeated," or "constant" as is generally required for municipal liability under § 1983. *Bennett*, 728 F.2d at 768 & n.3. That is not to say that such repetition cannot be inferred, it is only to say that doing so in the absence of factual allegations showing such repetition requires precisely the kind of speculation that violates the *Cuvillier* standard for adjudicating a Rule 12(b)(6) motion. Finally, the allegations fail to identify a municipal policymaker as required by *Piotrowski* and *Snyder*. Plaintiff does reference "decision makers" inside the "City of Houston" and the "City of Houston Police" (Am. Compl., Doc. No. 41, ¶¶ 35-47), but he does not allege who those decision makers are, and consequently he falls short of identifying "'the governing body of the municipality or . . . an official to whom that body has delegated policy-making authority'" who have "'[a]ctual or constructive knowledge'" of the specific customs or policies complained of, *Piotrowski*, 237 F.3d at 579 (*quoting Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc)). For these reasons, Plaintiff's Amended Complaint cannot be read to include factual allegations as to Defendant City of Houston that, when assumed to be true, raise a right to relief under § 1983 above the speculative level. *Cuvillier*, 503 F.3d at 401. The Amended Complaint therefore fails to state a claim against Defendant City of Houston.

### III. STATE LAW CLAIMS

Plaintiff's claims against the remaining non-governmental Defendants are for false arrest and imprisonment, negligence, breach of contract, and intentional infliction of emotional distress. (Am. Compl., Doc. No. 41, ¶¶ 130-56.) Plaintiff brings each of these claims under Texas state law. Because the Court today dismisses all of Plaintiff's federal claims, and because

the remaining parties are not diverse (*see* Am. Compl., Doc. No. 41, ¶¶ 1-3, 5, 13-14), the Court's jurisdiction over Plaintiff's state law claims, if any, exists only by virtue of 28 U.S.C. § 1367. That section, however, allows district courts to "decline to exercise supplemental jurisdiction over a claim" under certain circumstances, including when, as here, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Therefore, and in light of the fact that the sufficiency of the factual record in the case is a matter of disagreement that could necessitate further discovery and briefing, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV. THE OTHER MOTIONS

Plaintiff's Motion to Abate (Doc. No. 52) asks the Court to refrain from deciding the Motion for Summary Judgment (Doc. No. 50) filed by Defendants Cellar Door Productions of Virginia, Inc., Concert Productions International, SFX Family Entertainment, Inc., and Clear Channel Communications of Texas, until further discovery can be completed. Plaintiff's Motion to Amend (Doc. No. 62) asks the Court to grant leave to amend his pleadings a second time for the purposes of joining Clutch City Sports and Entertainment, L.P. ("Clutch City") as a defendant to the state law causes of actions. Because the Court today declines to exercise jurisdiction over Plaintiff's state law claims, both of Plaintiff's Motions are moot, as is the non-government Defendants' Motion for Summary Judgment.

Plaintiff's Supplemental Motion to Amend (Doc. No. 64) re-urges the Court to grant him leave to amend his pleadings a second time, both for the purpose of joining Clutch City, and for the purpose of naming the Harris County-Houston Sports Authority ("HCHSA") as a defendant to the federal claims currently brought against Defendant City of Houston. As to the joinder of

9

Clutch City, the Supplemental Motion is moot for the reasons stated above. As to the joinder of HCHSA, the Supplemental Motion is denied because the amendment would be futile: Plaintiff's Supplemental Motion does not explain with sufficient clarity how the addition of HCHSA as a codefendant would cure the defects in his Amended Complaint, and the Court cannot itself see how HCHSA's joinder would save Plaintiff's federal claims. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## V.  CONCLUSION

For the aforementioned reasons, the Motions to Dismiss of Defendants Phil Taylor and the City of Columbus (Doc. No. 43), and of Defendant City of Houston (Doc. No. 56), are **GRANTED**; Plaintiff's state law claims are **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3); Plaintiff's Supplemental Motion to Amend (Doc. No. 64) is **DENIED**; and all other pending motions are **TERMINATED AS MOOT**.

**IT IS SO ORDERED**.

SIGNED at Houston, Texas, on this the ___27th___ day of June, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.